UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS MEDINA,

                Plaintiff,

  - against -

CARL E. DuBOIS, WELLPATH NY LLC
And SALWA KHOURI, M.D.,

                Defendants.
------------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

      Plaintiff, LUIS MEDINA, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the eighth amendment to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

    4.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

    5.    Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff, LUIS MEDINA, was and is a natural person, resident in the County of Bronx, City and State of New York.

7. At all times relevant hereto, defendant CARL E. DuBOIS (hereinafter "DuBOIS") was and is a natural person, employed as Sheriff by the County of Orange, State of New York.

8. At all times relevant hereto, defendant WELLPATH NY LLC (hereinafter "WELLPATH") was and is a foreign limited liability company authorized to conduct business in the State of New York.

9. At all times relevant hereto, defendant SALWA KHOURI, M.D. (hereinafter "KHOURI") was and is a natural person, employed as a physician licensed to practice medicine in the State of New York.

10. The individual defendants are sued in their individual capacities.

## AS AND FOR A CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "10" hereinabove as if more fully set forth at length herein.

12. On or about September 20, 2019, plaintiff was arrested by police officers in Port Jervis, New York on a warrant charging him with violating his parole.

13. As a result of the aforementioned arrest, plaintiff was incarcerated in the Orange County Jail.

14. At all times relevant hereto, defendant DuBOIS was the person charged with the supervision, management, and administration of the Orange County Jail.

15. On or about September 1, 2019, plaintiff had suffered lacerations to the fourth and fifth fingers of his right hand.

16. All but one of the sutures of the aforementioned lacerations had been removed from plaintiff's right hand at the time he was incarcerated in the Orange County Jail.

17. Medical services at the aforementioned jail were provided, pursuant to contract, by defendant WELLPATH.

18. At all times relevant hereto, defendant KHOURI was employed by defendant WELLPATH as the medical director at the aforementioned jail.

19. Plaintiff repeatedly complained about pain in the fourth and fifth fingers of his right hand while he was incarcerated at the aforementioned jail and was examined by medical personnel employed by defendant WELLPATH and supervised by defendant KHOURI.

20. Despite his nearly daily complaints of pain in his right hand, plaintiff was treated with only oral antibiotics and Naproxen.

21. On November 18, 2019, plaintiff was transferred to Downstate Correctional Facility, a prison operated by the State of New York.

22. At the time he was transferred to Downstate Correctional Facility, plaintiff had observed no improvement in the condition of his right hand.

23. As the result of a magnetic resonance imaging examination conducted on plaintiff at Montefiore Mount Vernon Hospital on December 12, 2019, he was diagnosed

with subcutaneous abscesses within the dorsal and ulnar aspects of his right hand with surrounding phlegmonous soft tissue swelling and associated cellulitis. In addition, plaintiff was diagnosed with osteomyelitis in the fourth finger of his right hand and probable osteomyelitis in the fifth finger of his right hand.

24. On the same day he received the aforementioned diagnosis of severe infection in his right hand, December 12, 2019, plaintiff underwent a surgical procedure to drain and debride the infected areas.

25. On December 19, 2019, plaintiff had a peripherally inserted central catheter (PICC) placed in his left arm so that he could continue to receive antibiotics intravenously for six weeks.

26. Plaintiff ended up suffering severe and painful infection, requiring surgery and lengthy treatment with antibiotics as a result of the indifference to his serious medical needs exhibited by the defendants.

27. It was the responsibility of the defendants to this action to provide plaintiff with proper treatment.

28. However, they each treated him with deliberate indifference as his injuries grew more severe and he suffered in pain.

29. Defendants' failure to provide plaintiff with proper treatment while they were acting under color of state law, violated rights guaranteed to him by the eighth amendment to the Constitution of the United States.

30. The individual defendants had knowledge of the seriousness of the condition of plaintiff's right hand and of the pain he was experiencing, yet deliberately

and indifferently failed to provide him with the medical care necessary to treat and alleviate his condition and suffering.

31. As a result of the aforementioned violation of a right guaranteed to him by the eighth amendment to the Constitution of the United States, plaintiff suffered severe and painful injuries and infection to his right hand, requiring surgical repair and several weeks of intravenous antibiotic treatment.

32. As a result of the aforementioned violations of plaintiff's right to be free from cruel and unusual punishments by the defendants, while they were acting under color of state law, plaintiff has been permanently injured and disabled and has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove, and, in addition, seeks punitive damages against the defendants, all amounts to be determined at the trial of this action.

WHEREFORE, plaintiff, LUIS MEDINA, demands judgment against CARL E. DuBOIS, WELLPATH NY LLC and SALWA KHOURI, M.D., in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Forest Hills, New York
   September 20, 2022

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 793-6363
Our File No. 2483