UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS MEDINA,

                        Plaintiff,

   -against-

CARL E. DUBOIS et al.

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/18/2024

No. 22-CV-8051 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN. United States District Judge

    Plaintiff, Luis Medina ("Plaintiff"), formerly incarcerated at Orange County Jail ("OCJ,") brings this action under 42 U.S.C. §§ 1984 and 1988, asserting a claim of deliberate indifference to his medical needs. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff sues three different parties, including the Sheriff of Orange County Carl E. DuBois, Wellpath NY LLC, and Salwa Khouri, M.D (collectively, "Defendants"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendants have moved to dismiss the Complaint. ("Motion", ECF No. 24.) For the following reasons, Defendants' Motion is GRANTED.

**FACTUAL BACKGROUND**

    The following facts are taken from the Complaint and assumed to be true for the purposes of this Motion.

    On or about September 20, 2019, Plaintiff was arrested and subsequently incarcerated at OCJ. (Compl. ¶¶ 12-13.) Prior to being incarcerated, on or about September 1, 2019, Plaintiff suffered lacerations to the fourth and fifth fingers of his right hand. (*Id.* ¶ 15.) At the time of his incarceration, all but one suture of the lacerations had been removed from Plaintiff's hand, possibly by OCJ medical services. (*Id.* ¶ 16.) During Plaintiff's period of incarceration at OCJ, Defendant

1

DuBois was the supervisor of the jail, Defendant Wellpath provided medical services at OCJ, and Defendant Dr. Khouri was an employee of Wellpath and medical director of OCJ. (*Id.* ¶¶ 14, 17-18.) While at OCJ, Plaintiff complained of pain in the fourth and fifth fingers of his right hand and was examined by unnamed medical personnel overseen by Defendant Dr. Khouri. (*Id.* ¶¶ 17, 20.) Plaintiff was treated with oral antibiotics and Naproxen during this period. (*Id.* ¶¶ 19-20.)

On November 18, 2019, Plaintiff was transferred to Downstate Correctional Facility ("DCF"). At the time of the transfer, Plaintiff had detected no improvement in his right hand. (*Id.* ¶¶ 21-22.) Nearly a month later, on December 12, 2019, Plaintiff underwent a magnetic resonance imaging ("MRI") examination at Montefiore Mount Vernon Hospital. (*Id.* ¶ 23.) Plaintiff was diagnosed as having subcutaneous abscesses within the dorsal and ulnar aspects of his right hand with surrounding phlegmonous soft tissue swelling and associated cellulitis along with a diagnosis of osteomyelitis in the fourth finger of his right hand and probable of osteomyelitis in the fifth finger of his right hand. (*Id.*) On the same day that he received the diagnosis, Plaintiff underwent surgery to drain and debride the infected area. On December 19, 2019, Plaintiff received a peripherally inserted central catheter to receive intravenous antibiotics. (*Id.* ¶¶ 24-25.) Due to the lacerations and subsequent infection in his hand, Plaintiff alleges that he has been permanently injured and disabled. (*Id.* ¶¶ 32.)

## PROCEDURAL HISTORY

Plaintiff filed the Complaint on September 20, 2022. (ECF No. 1.) Defendants filed the instant Motion on June 14, 2023 (ECF No. 24), as well as a memorandum of law in support thereof ("Defs.' MoL.", ECF No. 26). Plaintiff filed opposition papers. (ECF No. 28.) Defendants also filed a reply brief. ("Defs.' Reply", ECF No. 27.)

**LEGAL STANDARD**

I. **Rule 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for "failure to state a claim upon which relief can be granted," a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court will accept the facts in a complaint as true "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows the Court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

II. **42 U.S.C. § 1983 Claims**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

---

[1] Defendants also seek dismissal pursuant to Rule 12(b)(5) for lack of service on Defendant Dr. Khouri. (Defs.' MOL at 9; Defs' Reply at 3.) "[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Vujicevic v. Vujicevic*, No. 12 CIV. 7149 NRB, 2012 WL 4948640, at *1 (S.D.N.Y. Oct. 15, 2012) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Here, Plaintiff was required to serve all Defendants by January 20, 2023, (Paul Sanders Declaration, ¶ 5), but has yet to serve Defendant Dr. Khouri. Plaintiff's failure to effectuate service provides additional grounds for dismissal of all claims against Defendant Dr. Khouri. However, given the Second Circuit's strong preference for courts to resolve cases on the merits, the Court will address the merits of Plaintiff's claims against Defendant Dr. Khouri. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993).

secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

**DISCUSSION**

It is well settled that in order to hold a defendant responsible for a constitutional deprivation, a plaintiff must demonstrate, *inter alia*, the defendant's personal involvement in the deprivation. *Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013). To do so, the plaintiff must "allege a tangible connection between the acts of a [d]efendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). To establish personal involvement, a plaintiff must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon*, 720 F.3d at 139 (citation, italics, and quotation marks omitted). These five categories "still control[ ] with respect to claims that do not require a showing of discriminatory intent" post-*Iqbal*. *See Lebron v. Mrzyglod*, No. 14-CV-10290, 2017 WL 365493, at *4 (S.D.N.Y. Jan. 24,

2017). In other words, "[b]ecause vicarious liability is inapplicable to…§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Simply being a supervisor is not enough to impute personal involvement onto a defendant; liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *see also Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060 (2d Cir. 1989) ("The general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the [d]efendant is required.") Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted).

  Here, Plaintiff fails to allege facts indicating personal involvement by any of Defendants in the alleged constitutional deprivation asserted by Plaintiff. The Complaint does not connect any of the Defendants to the medical services Plaintiff received by unnamed "medical personnel", beyond stating that the personnel were employed by Defendant Wellpath and supervised by Defendant Dr. Khouri. (Compl. ¶ 19.) As to Defendant Wellpath, it is not sufficient that Wellpath employed these medical personnel because the doctrine of respondeat superior does not suffice for Section 1983 claims. *See Al-Jundi*, 885 F.2d at 1060. Moreover, as to Defendant Dr. Khouri, Plaintiff does not contend that she personally attended to or treated him, nor that she was involved in the decisions of the medical personnel on how to treat Plaintiff. Simply being the supervisor of the unnamed medical personnel is not enough to impute personal involvement onto Defendant Dr. Khouri. *See Tangreti*, 983 F.3d at 618. Finally, Plaintiff does not allege that Defendant DuBois had *any* notice of Plaintiff's allegedly deficient medical treatment, except to suggest that he was somehow

involved solely by virtue of his being "the person charged with the supervision, management and administration of [OCJ]." (Compl. ¶ 14.) In other words, Plaintiff appears to argue that merely by virtue of Defendant DuBois serving as supervisor, Defendant Dr. Khouri as medical director, and Defendant Wellpath as medical provider of OCJ, they are responsible for any constitutional deprivation that Plaintiff allegedly suffered therein. (*Id.* ¶¶ 14, 17-18.) This is not so – to plead Section 1983 liability, Plaintiff needs to allege the Defendants were "present" for the alleged violation or "participated directly" in or "somehow permitted" the alleged violation. *See Falls v. Pitt*, No. 16-CV-8863, 2018 WL 3768036, at *6 (S.D.N.Y. Aug. 8, 2018). As they stand, Plaintiff's accusations are conclusory and fail to raise the specter of relief beyond the speculative level. *See Mann v. Daniels*, No. 10-CV-7540(PKC)(THK), 2011 WL 2421285, at *2 (S.D.N.Y. June 9, 2011) (holding that the plaintiff did not plausibly allege that the defendants were personally involved because the complaint did not include facts about any "specific wrongdoing sufficient to constitute personal involvement").

In sum, the Complaint contains no particularized allegations that the Defendants caused Plaintiff to suffer any constitutional deprivation or otherwise caused injury to the Plaintiff. Without a "tangible connection" between these defendants and an injury suffered by Plaintiff, any claim against them must be dismissed. *Bass*, 790 F.2d at 263. Accordingly, all claims against the Defendants are dismissed for lack of personal involvement.[2]

---

[2] Defendants additionally argue that Plaintiff failed to adequately plead *Monell* liability against them. (Defs.' MOL at 3.) For a *Monell* claim to survive, a plaintiff must show that he "has been the victim of a federal law tort committed by persons for whose conduct the municipality can be responsible." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). "*Monell* does not create a stand-alone cause of action under which a plaintiff may sue over a governmental policy, regardless of whether he suffered the infliction of a tort resulting from the policy." *Id.* "As a result, dismissal of the individual [D]efendants requires dismissal of [any] *Monell* claim[], 'if the ruling in favor of the individual defendants resulted from the plaintiff[']s failure to show that they committed the alleged tort.'" *Bishop v. City of New York*, No. 13-CV-9203 AJN, 2016 WL 4484245, at *4 (S.D.N.Y. Aug. 18, 2016) (citation omitted). Because the Court dismisses the claims against the individual Defendants, the Court does not discuss any potential *Monell* claim brought by Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. All of Plaintiff's claims are dismissed without prejudice. The Clerk of Court is kindly directed to terminate the motion at ECF No. 24.

Plaintiff shall have 30 days from the date of this Opinion, on or before April 17, 2024, to amend the Complaint. Because Plaintiff's amended complaint will completely replace, not supplement, the original Complaint, any facts, or claims that Plaintiff wishes to remain must be included in the amended complaint. If Plaintiff elects to file an amended complaint, Defendants shall have thirty days from the date of Plaintiff's filing to respond.

If Plaintiff does not file an amended complaint on or before April 17, 2024, and cannot show good cause to excuse such a failure, all claims dismissed without prejudice by this Order will be deemed dismissed with prejudice, and the Complaint (ECF No. 1) will serve as the sole operative complaint in this action.

Dated: March 18, 2024  SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge